UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KAWAHN STRACHN,

                        Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                               19-CV-7046 (RRM) (JO)
  -against-

CITY OF NEW YORK,

                        Defendant.
----------------------------------------------------------x
KAWAHN STRACHN,

                        Plaintiff,
                                                                                 19-CV-7319 (RRM) (JO)
  -against-

CITY OF NEW YORK,
KAREEM HARRISON,

                        **Defendants.**
----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Kawahn Strachn brings these two *pro se* actions, alleging that his Fourth Amendment rights were violated during separate incidents which occurred on December 2 and 26, 2016, at the CAMBA Atlantic House Men's Shelter in Brooklyn. The first action – *Strachn v. City of New York*, No. 19-CV-7046 (RRM) (JO) – which was originally filed in the United States District Court for the Southern District of New York but transferred to this Court on December 6, 2019 – names only the City of New York (the "City") as a defendant, and relates to both incidents. The second action – *Strachn v. City of New York*, No. 19-CV-7319 (RRM) (JO) – appears to relate only to the second incident, but names two defendants: the City and Kareem Harrison, a Department of Homeless Services ("D.H.S.") Police Officer who searched Strachn on December 26, 2016. The Court grants Strachn's request to proceed *in forma pauperis* in both

actions. However, for the reasons set forth below, the Court dismisses the complaint in the first action and grants Strachn leave to file an amended complaint within 30 days. The Court also dismisses the claims against the City in the second action but directs the United States Marshals Service to serve process on Officer Harrison.

## BACKGROUND

The following facts are drawn from the complaint in the first action (19-CV-7046 Doc. No. 2) and the amended complaint in the second action (19-CV-7319 Doc. No. 4), the allegations of which are assumed to be true for purposes of this Order, and from documentary evidence attached to those pleadings. On December 2, 2016, Strachn was residing in the CAMBA Men's Shelter, located at 2402 Atlantic Avenue in Brooklyn. (Compl. in 19-CV-7046 at 9, 19.)[1] About ten minutes after Strachn entered the shelter, an Officer Heckstall and "D.H.S. Police" came to his dorm room and conducted a room search, during which an Officer Henry recovered a "small clip" from Strachn's locker. (*Id.* at 10.)[2] Although Strachn professed not to know whether the clip contained marijuana or tobacco, Henry arrested him nonetheless. (*Id.* at 11.) Strachn implies that Henry was negligent in arresting him without first ascertaining whether the clip contained marijuana, and that he "went to jail for a hunch." (*Id.* at 14.)

Strachn was transported to the New York Police Department's 73rd Precinct. (*Id.* at 12.) Strachn implies that officers at the precinct should have tested the substance in the clip and either released him if the substance was tobacco or issued him a desk appearance ticket if the substance proved to be marijuana. (*Id.* at 13.) Instead, Strachn was placed "in a holding cell for hours," before being arraigned on charges of criminal possession of a controlled substance in the fifth

---

[1] The Court uses the page numbers assigned by the Court's ECF system.

[2] Although the complaint identifies this officer as Henery, an arrest report attached to the complaint indicates that this officer's name is Henry, not Henery.

2

degree. (*Id.* at 12, 18.)  At arraignment on December 3, 2016, the case was adjourned in contemplation of dismissal. (*Id.* at 18.)

On December 26, 2016, Assistant Director Marshall called Strachn into his office for a search of his person. (Am. Compl. in 19-CV-7319 at 6.)  D.H.S. Officer Harrison allegedly handcuffed Strachn, then searched the pockets of his coat, shirt, and jeans, and went through his wallet. (*Id.* at 7.)  Harrison also had Strachn remove his hat and his boots. (*Id.* at 8.)  After recovering a bag of marijuana from one of Strachn's boots, Harrison handcuffed Strachn to a chair and called the 73rd Precinct, which told Harrison to issue a summons and to release Strachn. (Compl. in 19-CV-7046 at 16.)  Harrison followed the precinct's instructions, issuing Strachn a summons which charged him with criminal possession of marijuana and which directed him to appear in New York City Criminal Court on March 20, 2016. (*Id.* at 19; Am. Compl. in 19-CV-7319 at 8, 9.)  Strachn alleges that the summons falsely alleged that two bags, rather than one bag, of marijuana had been recovered from Strachn's boot. (Compl. in 19-CV-7046 at 15.)  Strachn's pleadings do not allege what, if anything, occurred on the return date.

<u>The Complaints in the Instant Actions</u>

On or about December 2, 2019, Strachn commenced the first action, alleging facts relating to both the December 2nd and December 26th arrests.  The complaint in that action named the City as the only defendant, but did not allege facts suggesting that the City was personally involved in the alleged violations of Strachn's Fourth Amendment rights.  The complaint attached several documents, including the summons issued by Officer Harrison and paperwork relating to Strachn's December 2, 2016, arrest, but did not name any officers as defendants.

3

The complaint in the second action was filed with the Court on December 26, 2019, and was amended on or about January 17, 2020. The amended complaint relates solely to the December 26, 2016, incident, although it attaches as an exhibit a typewritten narrative which essentially repeats the facts alleged in the complaint in the first action. Although it names both the City and Officer Harrison as defendants, the amended complaint in the second action – like the complaint in the first action – contains no allegations suggesting that the City was personally involved in the alleged violations of Strachn's Constitutional rights.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Strachn brings this action pursuant to 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)). In addition, "to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). "[A] municipality may not be held liable under § … 1983 for an injury inflicted by its agents unless 'the challenged acts were performed pursuant to a municipal policy or custom.'" *Vill. of Freeport v. Barrella*, 814 F.3d 594, 616 (2d Cir. 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015)). A plaintiff must also allege facts suggesting a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Even construing all relevant factual allegations in the complaints in Strachn's favor,

Strachn has not alleged facts suggesting that the unconstitutional acts alleged were performed pursuant to a municipal policy or custom. Rather, Strachn appears to be suing the City of New York solely on the theory that the allegedly wrongful acts of Officers Heckstall, Henry, and/or Harrison were committed during the scope of their City employment. A city cannot be held liable under § 1983 under this theory, which is known as "*respondeat superior*." *See Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019).

Since Strachn's complaints are devoid of any specific allegations that could lead to the inference that an official city policy, practice or custom caused his alleged constitutional injuries, they fail to state a § 1983 claim against the City. Although the complaint in the first action names only the City as a defendant, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Because Strachn might be able to state a valid claim against individual officers involved in the allegedly unconstitutional searches and seizures, the Court grants Strachn leave to amend the complaint in the first action to attempt to state a claim against the individual officers.

The complaint in the second action names Officer Harrison as well as the City. While the claims against the City are dismissed, the amended complaint adequately alleges that Officer Harrison violated Strachn's Fourth Amendment rights. (*See* Am. Compl. at 6–9, 17–18.) Specifically, the amended complaint alleges that Officer Harrison conducted an unreasonable search and seizure and falsely accused Strachn of possessing two bags of marijuana. (*Id.*) At this juncture, the Court will allow the action to proceed against Officer Kareem Harrison.

## CONCLUSION

For the reasons set forth above, the complaint in *Strachn v. City of New York*, No. 19-CV-7046 (RRM) (JO), is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Strachn's *pro se* status, the Court grants him leave to file an amended complaint within 30 days of the date of this Order. If Strachn elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear docket number 19-CV-7046 (RRM) (JO). Strachn is advised that the amended complaint will completely replace the original complaint, so the amended complaint must stand on its own without reference to the original complaint. The amended complaint must identify each defendant named in the amended complaint with enough specificity to permit the United States Marshals to serve process upon them. In addition, the amended complaint must state a claim against these defendants by describing what each defendant did or failed to do that allegedly violated Strachn's constitutional rights, and the date and location of each event. Strachn should not name Harrison as a defendant, since the allegations against that officer are addressed in the second action.

All further proceedings with respect to the first action shall be stayed for 30 days. If Strachn fails to file an amended complaint within the time allowed or show good cause why he cannot do so, judgment dismissing this action shall be entered for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If submitted, the amended complaint will be reviewed for compliance with this Order.

With respect to *Strachn v. City of New York*, No. 19-CV-7319 (RRM) (JO), Strachn's claims against the City of New York are dismissed. No summons shall issue as to this defendant. However, the Clerk of Court is directed to issue a summons as to Kareem Harrison

and the United States Marshals Service is directed to serve the summons and amended complaint upon Harrison without prepayment of fees.

The Clerk of Court is respectfully directed to send a copy of this Order and Strachn's amended complaint in the second action (19-CV-7319 Doc. No. 4) to the Corporation Counsel of the City of New York, Special Federal Litigation Division.  The Clerk of Court is also respectfully directed to mail a copy of this Order to Strachn and to note the mailing on the docket sheet.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                          SO ORDERED.

Dated: Brooklyn, New York  
       May 19, 2020

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
Chief United States District Judge